UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEONARD PATTERSON,

    Petitioner,

v

BLAINE C. LAFLER,

    Respondent.

_____/

Case No. 1:10-cv-375

HON. JANET T. NEFF

## **OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) (Dkt 10). The matter is presently before the Court on Petitioner's objections to the R & R (Dkt 11). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

As the Magistrate Judge correctly noted, late filed habeas corpus petitions are generally barred by the one-year statute of limitations applicable to § 2254. Furthermore, those petitions that plainly appear time-barred on their face may be dismissed *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also* RULES GOVERNING § 2254 CASES, Rule 4. In this

case, after undertaking a review of Petitioner's habeas petition, the Magistrate Judge correctly determined that it was barred by the one-year statute of limitations and properly dismissed the petition (Dkt 10).

In a somewhat unintelligible two-page "Motion to Object" to the R & R, Petitioner lodges essentially two objections. First, he argues that his claim should not be dismissed because he was allegedly sent the wrong form for filing his petition (Dkt 11 at 1). He complains that he was sent the form for filing under § 2254 when he actually desired a form for filing under 28 U.S.C. § 2243 (*Id.*). The distinction is irrelevant. Both statutes are integral parts of the statutory scheme that determines the scope of federal habeas relief, which itself provides the sole grounds for a state prisoner to challenge the fact or duration of his confinement in a federal district court. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Whether Petitioner requests a form that purports to be for filing under § 2254 or § 2243 makes no difference; Petitioner must still file his application in a timely manner in order to obtain either the federal habeas relief that he ultimately seeks or the order to show cause that he presently seeks. Here, the Magistrate Judge did not issue an order demanding Respondent to show cause for Petitioner's confinement because Petitioner's application clearly lacked merit. *See* § 2243 (A court shall "issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*") (emphasis added). As Petitioner did not meet the timing requirements provided in § 2244(d)(1), his petition was properly dismissed, and, as a result, no order to show cause was issued.

Second, citing *Triplett v. Deputy Warden*, 371 N.W.2d 862 (Mich. Ct. App. 1985), Petitioner seems to argue that there is no statute of limitations for a federal habeas petition (Dkt 11 at 1). This

Court, however, is bound to render its decision based on federal law, which clearly bars Petitioner's untimely request for relief for the reasons stated.

Last, the Court notes Petitioner's allegation that the Michigan Court of Appeals erred in determining that Petitioner failed to pay a filing fee in an action for collateral review of his conviction (Dkt 11 at 1). The relevance of this objection is not immediately apparent. Petitioner may be arguing that this error revived the statute of limitations for filing in this Court. As the Magistrate Judge discussed, however, the filing of a petition for state collateral review "cannot revive the limitations period or restart the clock[,]" which had already run as of the date Petitioner attempted to file the petition with the Michigan Court of Appeals (Dkt 10 at 5).

Having determined that Petitioner's objections lack merit, this Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

3

further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find debatable the Court's procedural rulings herein. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.

Date: July 27, 2010                            /s/ Janet T. Neff
                                                                 JANET T. NEFF
                                                                   United States District Judge